UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **VICTORY OUTREACH MINISTRIES, INC., ET Al.,** : | |
| Plaintiffs, : | |
| : | **CIVIL ACTION NO.** |
| v. : | |
| : | **3:13-CV-01612-VLB** |
| **ROCKVILLE BANK, ET AL.,** : | |
| Defendants. : | **JUNE 11, 2014** |

### ORDER DISMISSING CLAIMS OF UNREPRESENTED PERSONS AND ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION
### [Dkts. 23 & 28]

This action was filed by Kevin R. Saunders, Sr., purportedly on behalf of himself, Victory Outreach Ministries, Inc. and the members of the Saunders Family. Mr. Saunders does not include a Bar Number in any of his pleadings, does not appear on the list of attorneys admitted to practice before this court nor has he filed an application and qualified to appear *pro hac vice*. Although litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, the statute does not permit "unlicensed laymen to represent anyone other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir.2007) (quotation and citation omitted). Plaintiff Kevin R. Saunders, Sr. may maintain an action on his own behalf. However, if he is not a licensed attorney, he may not represent the other individual plaintiffs named in this case. Nor may a layperson represent a separate legal entity, such as a corporation or a church. *See Lattanzio,* 481 F.3d at 139 ("[A] layperson may not represent a separate legal entity such as a corporation.") (citation omitted). The Complaint is signed only by Kevin R. Saunders, Sr., who purports to sign the Complaint "On behalf of the

1

VICTORY OUTREACH MINISTRIES INC. and the members of the Saunders Family." Kevin R. Saunders, Sr. is the only plaintiff to sign any of the documents filed in this action. As he has no legal authority to act on behalf of anyone but himself in this court, he cannot file suit on behalf of others and the Court accordingly dismisses all claims which he purports to bring on behalf of other individuals.

A layperson may not bring a class action lawsuit. *See, e.g., Biro v. Cuomo*, No. 12-cv-6189, 2014 U.S. Dist. LEXIS 42456, at *2 n.2 (Mar. 27, 2014) ("Although Plaintiff purports to seek relief on behalf of a similarly situated class of plaintiffs, it is well-established that 'a *pro se* litigant . . . is not empowered to proceed on behalf of anyone other than himself.'") (quoting *Barnes v. Ross*, 926 F. Supp. 2d 499, 505 (S.D.N.Y. 2013)). Accordingly, plaintiffs' motions for class certification, [Dkt. nos. 23 & 28], are denied.

Finally, plaintiff Victory Outreach Ministries, Inc. is not an individual and cannot represent itself, proceeding *pro se,* and its claims are dismissed. The Supreme Court has explicitly held that except for in a few circumstances, none of which appear to be present here, "corporations, partnerships, or associations" may not appear *pro se* in federal court, and must be represented by a licensed attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citations omitted).

The claims of the following parties are dismissed, and the Clerk is directed to terminate them as plaintiffs in this action: Victory Outreach Ministries, Inc., Barbara Joyce Saunders, Laurie A. Saunders, Kevin R. Saunders, Jr., Kyle E.

Saunders, Karrie L. Saunders, Krista L. Saunders, Sherri L. Saunders, Shelli L. McDougal, and Shelbi Bock.

Any person or entity whose claims were dismissed hereby may move to intervene if a natural person, *pro se,* or if an entity, through an attorney, on or before July 2, 2014.

IT IS SO ORDERED.

_____/s/_____  
Hon. Vanessa L. Bryant  
United States District Judge

Dated at Hartford, Connecticut: June 11, 2013